UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                     Bankruptcy No. 12-30249
                                                                           Chapter 7
Lee H. Vassen,

       Debtor.
_____/

Gene W. Doeling,

       Plaintiff,

       vs.                                                            Adversary No. 12-07040

Lee H. Vassen,

       Defendant.
_____/

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

      Debtor Lee H. Vassen petitioned for relief under Chapter 7 of the Bankruptcy Code on March 30, 2012.  On October 9, 2012, Chapter 7 Trustee Gene W. Doeling filed a Complaint seeking a determination that Debtor be denied a discharge pursuant to 11 U.S.C. § 727.  Specifically, the Trustee alleges Debtor should be denied a discharge under section 727(a)(4)(A) because Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account in failing to disclose all of his assets.  He also claims Debtor should be denied a discharge under section 727(a)(4)(D) because Debtor withheld from an officer of the estate, entitled to possession under Title 11, recorded information relating to Debtor's property or

1

financial affairs. Finally, the Trustee alleges that Debtor refused to obey a lawful order of the Court and should be denied a discharge under section 727(a)(6)(A).

Debtor failed to file a response to the Trustee's Complaint. As a result, the Trustee filed a Motion for Default Judgment pursuant to Bankruptcy Rule 7055 and Federal Rule of Civil Procedure 55(b)(2). In his motion, the Trustee represented that Debtor has not responded in any manner to the Summons or Complaint served upon him.

## II. FINDINGS OF FACT

Debtor petitioned for bankruptcy relief on March 30, 2012. He filed his bankruptcy schedules on the same day. Debtor listed no real property on Schedule A. On Schedule B, Debtor listed cash on hand, two checking accounts, some household and personal items, a firearm and bow, term life insurance, a garnishment and deer mounts. The full value of each listed item on Schedule B was exempted on Schedule C. Accompanying Debtor's schedules was a Declaration Concerning Debtor's Schedules - Declaration Under Penalty of Perjury by Individual Debtor, attesting that Debtor's schedules were true and correct to the best of his knowledge, information and belief. The declaration was electronically signed by Debtor and dated March 27, 2012.

The meeting of creditors was held on June 15, 2012. During the meeting, Debtor stated that he listed all of his assets in his bankruptcy schedules. See Aff. of Gene W. Doeling ¶ 3. However, during the meeting, "debtor disclosed that he is the beneficiary of a trust from his father with property in Divide County." See Motion for Turnover ¶ 1. This asset had not been previously disclosed. Id. As a result, the Trustee requested that Debtor provide to him a copy of the trust agreement. Id. The

2

Trustee also requested copies of all bank statements, including copies of canceled checks, of accounts in which Debtor held an interest from January 1, 2011, through June 18, 2012. Id. at ¶ 2.

Debtor failed to provide the Trustee with the documents he requested at the meeting of creditors. On July 17, 2012, the Trustee filed a Motion for Turnover. Debtor responded to the Trustee's motion and requested that he be allowed until at least August 15, 2012, to collect the desired documentation. In support of this request, Debtor represented that his son had been hospitalized since the meeting of creditors, causing Debtor to experience a substantial amount of travel away from North Dakota. He also requested additional time to gather documentation in the possession of Debtor's father and Debtor's father's attorney. The Court granted Debtor until August 31, 2012, to obtain the documentation requested by the Trustee and turn it over to him.

The Court held a hearing on the Trustee's Motion for Turnover on September 5, 2012, at which the Trustee and Debtor's counsel appeared. Debtor did not appear at the hearing. During the hearing, the Court learned that both the Trustee and Debtor's counsel made repeated requests for the documents the Trustee seeks, but Debtor did not comply with the requests. Therefore, the Court ordered Debtor to immediately take all steps necessary to provide the Trustee with the requested documentation. A copy of the Order granting Trustee's Motion for Turnover was mailed to the address Debtor provided in his petition, P.O. Box 115, Ambrose, ND 58833. See Bankruptcy No. 12-30249, Docket No. 35. Debtor's address has never been amended.

Prior to and during the hearing on the Motion for Turnover, Debtor was represented by attorney Bruce Madlom. On August 30, 2012, Attorney Madlom filed a

Motion to Withdraw as Counsel, stating that Debtor failed and continues to fail to substantially fulfill his obligations to Attorney Madlom. Attorney Madlom made numerous attempts to contact Debtor via telephone and letter to no avail. Aff. of Bruce L. Madlom. The Court granted Attorney Madlom's Motion to Withdraw as Counsel on September 24, 2012.

On September 20, 2012, the Trustee filed a Motion to Hold Debtor In Contempt of Court. The basis for the Trustee's motion centered on Debtor's failure to comply with the Court's Order granting the Trustee's Motion for Turnover.

Prompted by the Trustee's motion, the Court entered an Order to Appear and Show Cause on September 24, 2012, requiring Debtor to appear at a hearing to explain why he refused to comply with the order for turnover. A copy of the order was mailed to Debtor's post office box in Ambrose. See Bankruptcy No. 12-30249, Docket No. 39. The Court held a hearing on October 5, 2012. Debtor failed to appear at the hearing. Accordingly, the Court granted the Trustee's motion and found Debtor in contempt of court because of his continual failures to abide by the Court's orders. The Court did not impose a specific sanction in its order finding Debtor in contempt of court. Rather, it requested a recommendation from the Trustee regarding a remedy that would be in the best interest of the bankruptcy estate. This order was also served upon Debtor. See Bankruptcy No. 12-30249, Docket No. 42. As of December 20, 2012, Debtor had not provided the documents the Trustee requested.

In addition to Debtor's disclosure regarding his status as the beneficiary of a trust, the Trustee also discovered that Debtor failed to list or disclose other assets on either his bankruptcy schedules or during his meeting of creditors. Specifically, Debtor

4

failed to disclose a remainder interest in the following real property in Divide County, North Dakota:

> NW1/4, Section 18, Township 163N, Range 98W;
> NW1/4, Section 11, Township 163N, Range 99W; and
> S1/2, Section 27, Township 163N, Range 99W.

Aff. of Gene W. Doeling ¶ 4.  He also failed to disclose an interest in the following real estate in Burleigh County, North Dakota:

> Lots 13 and 14, Block 2, Coffin's Addition to City of Bismarck; and
> South 5 feet of Lot 8, all of Lots 9 and 10, Block 3, Coffin's Addition to City of Bismarck, less West 10 feet for alley.

Aff. of Gene W. Doeling ¶ 5.  Additionally, Debtor did not disclose his interest in a horse that is stabled near Jamestown, North Dakota, which was allegedly purchased for $3,000 in May 2011.  Aff. of Gene W. Doeling ¶ 6.  Debtor has not amended his bankruptcy schedules to reflect these assets.

On October 9, 2012, the Trustee filed this adversary proceeding seeking a denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A), (a)(4)(D) and (a)(6)(A).  Debtor did not file an answer or response to the Trustee's Complaint.

### III.   CONCLUSIONS OF LAW

#### A.   Jurisdiction

The Court finds this matter is a core proceeding under 28 U.S.C. § 157(A), (J) and (O) and that it has jurisdiction under 28 U.S.C. §§ 157 and 1334.  This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

5

**B.    11 U.S.C. § 727**

In his Complaint, the Trustee argues Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(A), (a)(4)(D) and (a)(6)(A).  Denying a debtor a discharge is a harsh remedy.  Kaler v. Charles (In re Charles), 474 B.R. 680, 683 (B.A.P. 8th Cir. 2012); Allred v. Vilhauer (In re Vilhauer), 458 B.R. 511, 514 (B.A.P. 8th Cir. 2011).  Therefore, Section 727 is strictly construed in favor of the debtor.  In re Vilhauer, 458 B.R. at 514.  Notwithstanding, a discharge in bankruptcy and the associated fresh start are privileges, not rights.  Bauer v. Iannacone (In re Bauer), 298 B.R. 353, 357 (B.A.P. 8th Cir. 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).  As a result, section 727 was designed to prevent the debtor's abuse of the Bankruptcy Code.  In re Charles, 474 B.R. at 683.  "The opportunity for a completely unencumbered new beginning is limited to the honest but unfortunate debtor."  In re Bauer, 298 B.R. at 357.  The cost to the debtor for an unencumbered fresh start is minimal, but it includes honestly and accurately disclosing his or her financial affairs and cooperating with the trustee.  Id.; see also 11 U.S.C. § 521 (listing a debtor's duties in bankruptcy).  "To prevail in an action to deny a debtor's discharge, the objecting party must prove each element under § 727 by a preponderance of the evidence."  In re Charles, 474 B.R. at 683-84 (citing In re Vilhauer, 458 B.R. at 514; Fed. R. Bankr. P. 4005).

    1.    11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4)(A) bars the entry of discharge if a "debtor knowingly and fraudulently, in or in connection with a case, made a false oath or account."  11 U.S.C. § 727(a)(4)(A).  To meet his burden under this subparagraph, the Trustee must prove

6

that "'(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to Debtor's bankruptcy case.'" Lincoln Sav. Bank v. Freese (In re Freese), 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011) (citations omitted).

The Bankruptcy Code, through section 727(a)(4)(A), "'requires nothing less than a full and complete disclosure of any and all apparent interests of any kind.'" Korte v. U.S. Internal Revenue Serv. (In re Korte), 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001) (quoting Fokkena v. Tripp (In re Tripp), 224 B.R. 95, 98 (Bankr. N.D. Iowa 1998)). "The debtor's duty of disclosure requires updating schedules as soon as reasonably practical after he or she becomes aware of any inaccuracies or omissions." In re Bauer, 298 B.R. at 357.

The Trustee argues Debtor made several false oaths in his bankruptcy filings. Specifically, the Trustee alleges Debtor failed to disclose his interest in real estate located in Divide County and Burleigh County, North Dakota, and failed to disclose a horse, which Debtor purchased eight months before the bankruptcy filing.

The Trustee must first prove that Debtor made a statement under oath. See In re Freese, 460 B.R. at 738. This element is satisfied because Debtor included with his schedules a Declaration Concerning Debtor's Schedules - Declaration Under Penalty of Perjury by Individual Debtor that contained Debtor's electronic signature and was dated March 27, 2012, and he reaffirmed at his meeting of creditors that all of his assets were included in his bankruptcy schedules. See In re Charles, 474 B.R. at 684 ("It is well established that, because statements made by a debtor in his schedules and

7

statements, and at his meeting of creditors, are signed under pains and penalties of perjury, they constitute 'oaths' for the purposes of § 727(a)(4)(A)."); Jordan v. Bren (In re Bren), 303 B.R. 610, 613 (B.A.P. 8th Cir. 2004) (overruled on other grounds); Cepelak v. Sears (In re Sears), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000). Debtor made a statement under oath.

The Trustee also satisfied the second and third elements of his claim under section 727(a)(4)(A). Debtor's assertions that his schedules were true and accurate and contained all of his assets were false because he failed to list his remainder interests in the Divide and Burleigh County properties and failed to list his interest in a horse. Based on Debtor's representations in his schedules, his representations to the Trustee in the meeting of creditors and the information the Trustee discovered in his asset investigation, the Court concludes that Debtor knew he owned a horse and an interest in real estate but failed to include them on his schedules. The Trustee has met his burden of proof on these elements.

The fourth element pertains to Debtor's intent. In re Freese, 460 B.R. at 738. "'Fraudulent intent may be established by circumstantial evidence.'" In re Charles, 474 B.R. at 684 (quoting In re Korte, 262 B.R. at 474). Additionally, "'statements made with reckless indifference to the truth are regarded as intentionally false.'" Id. Multiple falsehoods or inaccuracies may rise to the level of reckless indifference to the truth. Kaler v. Geller (In re Geller), 314 B.R. 800, 807 (Bankr. D.N.D. 2004).

Debtor failed to disclose his interest in five separate pieces of real property and a horse, and he offered no explanation for the inaccuracies in his schedules. The multiple omissions coupled with his failure to cooperate with the Trustee, his attorney

8

and court orders demonstrate at the very least, Debtor's reckless indifference to the accuracy of the schedules. Furthermore, Debtor has failed to amend his schedules to include these assets or to include his status as a beneficiary of a trust, which was disclosed to the Trustee at his meeting of creditors. This is additional indicia of Debtor's reckless indifference to the truth. See Kaler v. Danduran (In re Danduran), 2011 WL 3664436, at *13 (Bankr. D.N.D. Aug. 19, 2011). Accordingly, the Court finds that Debtor made the statements with fraudulent intent.

The last element the Trustee must prove under section 727(a)(4)(A) is materiality. In re Freese, 460 B.R. at 738. The threshold for materiality is fairly low. In re Charles, 474 B.R. at 686. "The subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." Id.; In re Korte, 262 B.R. at 474; In re Sears, 246 B.R. at 347. The value of omitted assets, although relevant to materiality, is not determinative. In re Sears, 246 B.R. at 347. "An omission of a relatively modest asset will merit denial of discharge, if done with knowledge and fraudulent intent." Id.

Debtor's omissions are material to his bankruptcy case because they concern assets that he failed to list on his schedules. These assets were discovered by the Trustee only after Debtor's meeting of creditors. The Trustee has met his burden of proving this element as well.

In summary, the Trustee met his burden of proving the elements under section 727(a)(4)(A), warranting a denial of discharge.

      2.     11 U.S.C. § 727(a)(4)(D)

The Trustee also asserts that Debtor should be denied a discharge pursuant to section 727(a)(4)(D). A denial of discharge is appropriate under section 727(a)(4)(D) if "the debtor knowingly and fraudulently, in or in connection with the case . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D). The trustee assigned to a debtor's estate is an officer of the estate entitled to documents requested. See Cruse v. Yates (In re Yates), 429 B.R. 675, 681 (Bankr. E.D. Mo. 2010).

The Trustee requested Debtor produce a copy of a trust agreement in which Debtor is a beneficiary and copies of all bank statements and canceled checks for all accounts in which Debtor held an interest between January 1, 2011, and June 18, 2012. Debtor failed to comply with the Trustee's requests even after the Trustee filed a Motion for Turnover and even after the Court ordered Debtor to immediately take all steps necessary to provide the Trustee with the documentation he sought. Accordingly, the Court finds that the Trustee has met his burden of proving his claim and cause of action under section 727(a)(4)(D).

      3.     11 U.S.C. § 727(a)(6)(A)

Section 727(a)(6)(A) provides that a discharge shall not be granted if "the debtor has refused, in the case[,] to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). Given Debtor's refusal to comply with the Court's Order granting the Trustee's Motion for Turnover and its Order to Appear and Show Cause, there appear to be grounds to deny Debtor a

10

discharge under this statute as well.  The Court need not decide this issue, however, because it has already determined that denial of discharge is appropriate under section 727(a)(4)(A) and (D).

### III.     CONCLUSION

For these reasons, the Trustee's Motion for Default Judgment is GRANTED. Debtor Lee H. Vassen is denied a discharge under 11 U.S.C. § 727(a)(4)(A) and (D).

Judgment may be entered accordingly.

Dated this 8th day of February, 2013.

/s/   SHON HASTINGS
Shon Hastings, Judge
United States Bankruptcy Court